IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MARIAH KILE,

    Defendant.

Case No. 3:24-cv-00249-MMS

**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT [21]**

Before this Court is a motion for default judgment.[1] Upon review of the motion, the record, and the accompanying declaration, the Court agrees with the Plaintiff and **GRANTS** the motion.

## I. BACKGROUND AND MOTION PRESENTED

Background

On November 14, 2024, the United States of America filed its civil Complaint against Mariah Kile.[2] Plaintiff alleges that Defendant had improperly secured assistance from the United States Department of Homeland Security's Federal Emergency Management Agency ("FEMA") under the Robert T. Stafford Act and Emergency Assistance Act and thereby incurred a debt to the Department of the Treasury.[3] Plaintiff alleges that Defendant was notified of this debt on June 24, 2022 via a letter that it attached, then totaling $14,987.93.[4] On August 5, 2024, the Department of the Treasury referred a

---

[1] Dkt. 31.
[2] Dkt. 1.
[3] *Id.* at ¶ 5.
[4] *Id.* at ¶ 6, Dkt. 1-2.

$4,318.99 debt to the Department of Justice, and Defendant has not made any payments.[5] Plaintiff prayed for the following relief: (1) judgment in the total principal sum of $6,437.60; (2) post-judgment interest; (3) costs and disbursements; and (4) any other relief deemed just and equitable.[6]

Defendant moved for an extension to answer the Complaint, which was granted, giving Defendant until March 3, 2025 to answer.[7] The Court subsequently held a status hearing on March 26, 2025, but Defendant did not appear.[8] Defendant did not file an answer. On March 28, 2025, Plaintiff moved for entry of default, which the Clerk of Court entered on June 24, 2025, upon the Court's order.[9]

Motion Presented

On September 24, 2025, at the Court's direction, the Plaintiff moved for default judgment.[10] Defendant did not respond, though the Court gave her additional time to do so, as the case was temporarily stayed during the lapse in appropriations. Plaintiff requests judgment of $6,881.69, which consists of the principal ($4,318.99), interest at a rate of 1% ($105.43), a 6% penalty ($632.58), and administrative fees ($1,824.69).[11] Plaintiff also

---

[5] Dkt. 1 at ¶¶ 7–8.
[6] *Id.* at 3.
[7] Dkts. 5 & 7.
[8] Dkt. 8.
[9] Dkts. 9, 13–14.
[10] Dkt. 21.
[11] Dkts. 21 & 21-1.

requests post-judgment interest.[12]  Plaintiff provided an attorney declaration and a certificate of indebtedness in support of the motion.[13]

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 55 establishes a two-step process for a plaintiff to obtain a default judgment.  First, the clerk of court must enter the default if the defendant has failed to "plead or otherwise defend" in the case.[14]  Second, after the clerk's entry of default and upon the plaintiff's request, a court may enter a default judgment on the merits of the case.[15]

In considering a request for default judgment, a court must first determine whether it has jurisdiction over the subject matter and the parties to the case.[16]  If the court is satisfied that it has jurisdiction, it may then evaluate the merits of the default judgment request based on seven factors set forth by the Ninth Circuit in *Eitel v. McCool*:

> (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.[17]

---

[12] Dkt. 21-1.
[13] Dkts. 22 & 22-1.
[14] Fed. R. Civ. P. 55(a).
[15] *See Penpower Tech. Ltd. v. S.P.C. Tech.*, 627 F. Supp. 2d 1083, 1088 (N.D. Cal. 2008).
[16] *See In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) ("When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties.").
[17] 782 F.2d 1470, 1471–72 (9th Cir. 1986).

A court's decision to enter a default judgment is discretionary.[18] Generally, after the clerk's entry of default, the plaintiff's well-pleaded factual allegations regarding liability are taken as true and the district court need not make "detailed findings of fact."[19] Nevertheless, a default does not compensate for essential facts not within the pleadings and those legally insufficient to prove a claim.[20] Moreover, the plaintiff must prove damages by submitting "declarations and evidence establishing the right to relief[.]"[21]

### III. DISCUSSION

#### A. Jurisdiction

The Court first addresses the threshold matter of jurisdiction. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1345 and 1355(a), which vest in district courts jurisdiction to hear cases wherein the United States of America is a plaintiff and over fines and penalties imposed by acts of Congress. The District of Alaska is the proper venue under 28 U.S.C. § 1395(a) because the subject penalty accrued within the District of Alaska and because Defendant resides within the District of Alaska.[22]

#### B. Default Judgment

This Court next addresses the propriety of Plaintiff's request for default judgment in light of the *Eitel* factors. Aside from the policy of deciding cases on the merits, all of

---

[18] *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).
[19] *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).
[20] *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir.1992).
[21] L. Civ. R. 55.1(b)(2).
[22] Dkt. 1 at ¶ 1.

the *Eitel* factors weigh in favor of Plaintiff. As such, the Court must grant the Motion for Default Judgment.

### 1. Possibility of prejudice to Plaintiff

The first *Eitel* factor considers whether a plaintiff will suffer prejudice if a default judgment is not entered. In general, prejudice exists if denying default judgment would leave the plaintiff without a proper remedy.[23] Here, Defendant has failed to defend this action. Without a default judgment, Plaintiff will likely be unable to recover on the debt. Such a result is unwarranted given the allegations in the Complaint, which the Court deems true.[24] The Court therefore concludes that Plaintiff would suffer prejudice if a default judgment were not entered. Accordingly, the first *Eitel* factor weighs in Plaintiff's favor.

### 2. Substantive merit of Plaintiff's claims and sufficiency of the complaint

The second and third *Eitel* factors assess the substantive merit of a plaintiff's claims and the sufficiency of their complaint. These two factors, which are often analyzed together, "require that a plaintiff state a claim on which [they] may recover."[25] On a motion for default judgment, pleading requirements are "enforced strictly," even when evidence outside the pleadings makes clear that a plaintiff can state a claim.[26] Thus, the allegations

---

[23] *See, e.g.*, *PepsiCo, Inc. v. Cal. Security Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002); *Aspen Am. Ins. v. Morrow*, 643 F. Supp. 3d 941, 948 (D. Alaska 2022).
[24] *See Fair Hous. of Marin*, 285 F.3d at 906.
[25] *See PepsiCo, Inc. v. Cal. Security Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002); *see also Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978) (stating that pertinent issue is whether complaint's allegations state a claim upon which plaintiff can recover).
[26] *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1393 (9th Cir. 1988); *see also Waters v. Mitchell*, 600 F. Supp. 3d 1177, 1183 (W.D. Wash. 2022) (citing *Love v. Mustafa*, No. 20-CV-02071PJHAGT, 2021 WL 7286006, at *1 (N.D. Cal. Feb. 4, 2021) (citing *Danning*, 572 F.2d at 1388), *report and recommendation adopted*, No. 20-CV-

in the complaint must be well-pleaded and non-conclusory, and those allegations alone must establish a right to relief.[27]

Plaintiff alleges that Defendant owes a debt due to receiving FEMA disaster assistance under 42 U.S.C. §§ 5121–5207 despite being ineligible.[28] Plaintiff also alleges that Defendant was notified of this debt, but she has since failed to pay it.[29] The Court finds this to state a claim. Accordingly, the second and third *Eitel* factors weigh in Plaintiff's favor.

### 3. Amount at stake

The fourth *Eitel* factor balances "the amount of money at stake in relation to the seriousness of the [d]efendant's conduct."[30] A court must assess whether the recovery sought is proportional to the harm caused by the defendant's conduct.[31] Here, Plaintiff seeks $6,881.69 in owed debt and related fees.[32] In light of Defendant's conduct as alleged in the Complaint, the fourth *Eitel* factor weighs in Plaintiff's favor.

---

02071PJHAGT, 2021 WL 7287626 (N.D. Cal. Feb. 8, 2021)).
[27] *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009) ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.' " (citations omitted) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007))); *DIRECTV, Inc. v. Huynh*, 503 F.3d 847, 854 (9th Cir. 2007) (holding that, for purposes of default judgment, a defendant "is not held to admit facts that are not well-pleaded or to admit conclusions of law" (citations omitted)).
[28] Dkt. 1 at ¶ 5.
[29] *Id.* at ¶¶ 6 & 8.
[30] *PepsiCo*, 238 F. Supp. 2d at 1176.
[31] *See Walters v. Statewide Concrete Barrier, Inc.*, No. C 04–2559 JSW, 2006 WL 2527776, *4 (N.D. Cal. Aug. 30, 2006) ("If the sum of money at issue is reasonably proportionate to the harm caused by the defendant's actions, then default judgment is warranted").
[32] Dkt. 21-1.

#### 4. Possibility of dispute concerning material facts

The fifth *Eitel* factor considers the possibility that material facts may be in dispute. "Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages."[33] Defendant has not defended this action. Moreover, Plaintiff has provided a declaration substantiating the allegations in the Complaint.[34] Under these circumstances, "no genuine dispute of material facts would preclude" the entry of default judgment,[35] and the fifth *Eitel* factor weighs in favor of Plaintiff.

#### 5. Possibility of excusable neglect

The sixth *Eitel* factor evaluates whether the defendant's default may have been the product of excusable neglect. Here, the possibility of excusable neglect is remote. Defendant was served with process but failed to answer.[36] There is little chance that Defendant's default was the result of excusable neglect. Thus, the sixth *Eitel* factor weighs in favor of Plaintiff.

#### 6. Policy for deciding cases on the merits

The last *Eitel* factor examines whether the policy of deciding a case on the merits precludes entry of default judgment. In *Eitel*, the Ninth Circuit advised that "[c]ases should be decided upon their merits whenever reasonably possible."[37] The existence of Federal Rule of Civil Procedure 55(b), however, indicates that "this preference, standing alone, is

---

[33] *PepsiCo*, 238 F. Supp. 2d at 1177 (citing *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987)).
[34] Dkt. 22.
[35] *PepsiCo*, 238 F. Supp. 2d at 1177.
[36] Dkt. 22.
[37] *Eitel*, 782 F.2d at 1472.

not dispositive."[38] Moreover, "deciding the case on the merits is impossible where a party refuses to participate."[39] Because Defendant has declined to participate in this action, the last *Eitel* factor does not preclude the entry of default judgment against her.

### C. Requested Relief

This Court now turns to the propriety of Plaintiff's requested relief: (1) $4,318.99 in principal debt; (2) $105.43 in interest; (3) $632.58 as a penalty; (5) $1,824.69 in administrative fees; and (6) post-judgment interest.[40]

The Court grants Plaintiff's request as to the principal owed, as it is reasonable and supported by the record.[41] The Court grants Plaintiff's request for interest, as it is reasonable and supported by the record.[42] The Court grants Plaintiff's request for a penalty, as it is reasonable and supported by the record.[43] The Court grants Plaintiff's request administrative fees, as it is reasonable and supported by the record.[44] The Court grants Plaintiff's request for post-judgment interest. The Court finds that the rate set forth in 28 U.S.C. § 1961 is reasonable.

//

//

//

---

[38] *PepsiCo*, 238 F. Supp. 2d at 1177 (internal quotation marks and citation omitted).
[39] *Vietnam Reform Party v. Viet Tan – Vietnam Reform Party*, 416 F. Supp. 3d 948, 970 (N.D. Cal. 2019).
[40] Dkts. 21 & 21-1.
[41] Dkt. 22-1.
[42] Dkt. 22-1; 31 U.S.C. § 3717(a)(1) and Bulletin No. 2022-05
[43] Dkt. 22-1; 31 U.S.C. § 3717(e)(2).
[44] Dkt. 22-1; 31 U.S.C. §§ 3711(g)(6) & 3717(e)(1).

## IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the Motion for Default Judgment at Docket No. 21 is **GRANTED** and that the Plaintiff be awarded the below:

1) **$6,881.69**, representing the sum of the principal debt, interest, penalty, and administrative costs;

2) Post-judgment interest at the interest rate set by 28 U.S.C. § 1961 beginning on the date of judgment.

The Clerk of Court shall please close this case and prepare a judgment in favor of the Plaintiff.

DATED this 3rd day of December 2025, at Anchorage, Alaska.

_____
MATTHEW M. SCOBLE
U.S. MAGISTRATE JUDGE